**Lin ZHAO, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–2513–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2008.

John Chang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present PIERRE N. LEVAL, BARRINGTON D. PARKER, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Lin Zhao, a native and citizen of the People's Republic of China, seeks review of the May 5, 2008, order of the BIA denying his motion to reopen. *In re Lin Zhao*, No. A73 038 265 (B.I.A. May 5, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, we find that the BIA did not abuse its discretion in denying Zhao's motion to reopen as untimely. *See* 8 C.F.R. § 1003.2(c)(2).

In a situation where ineffective assistance of counsel prevents an alien from presenting his claim, the filing deadline for motions to reopen may be equitably tolled. *Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006). In order to warrant equitable tolling, however, an alien is required to demonstrate "due diligence" in pursuing his claims. *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir.2008).

We find no abuse of discretion in the BIA's conclusion that Zhao failed to exercise due diligence where he took no actions in his proceedings between 2004 and 2006. *See id.* Moreover, Zhao's argument that the BIA erred in requiring him to demonstrate that he exercised due diligence prior to his 2006 discovery of the ineffective assistance of his former counsel is unavailing. *See Rashid*, 533 F.3d at 131. Contrary to Zhao's argument, an alien must

demonstrate due diligence during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Id.* Because the BIA reasonably concluded that Zhao failed to demonstrate due diligence in pursuing his claim, it did not err in declining to toll the time period for filing his motion to reopen and in denying his motion to reopen as untimely. *Jian Hua Wang v. BIA*, 508 F.3d 710, 715–16 (2d Cir.2007). Accordingly, we need not consider the BIA's alternative determination that Zhao failed to demonstrate his *prima facie* eligibility for asylum.

For the foregoing reasons, the petition for review is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).